UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal Case No. 21-20520
    Honorable Linda V. Parker

LAFAYETTE HILL,

    Defendant.

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION FOR REVOCATION OF BOND (ECF NO. 30)

Defendant stands charged in an Indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) At his initial appearance on August 2, 2021, Magistrate Judge Elizabeth Stafford released the Defendant on bond pending trial subject to several conditions, including not possessing firearms. (ECF No. 10.) However, on March 4, 2022, the Court canceled Defendant's bond upon a petition from Pretrial Services. (ECF No. 23.) In its petition, Pretrial Services requested that the Court cancel bond after learning that the Detroit Police Department ("DPD") had arrested Defendant following a shots fired incident and a related search of his residence pursuant to a search warrant. (*Id*.) Officers recovered firearms during the search.

The matter is presently before the Court on Government's formal Motion to Revoke Bond under 18 U.S.C. § 3148. (ECF No. 30.) The Court conducted

hearings on March 14, 2022, and April 5, 2022.  The Court also granted the parties an opportunity to provide written submissions and submit 911 calls and body camera footage related to the incidents in a traditional manner.

## Background

On March 1, 2022, at approximately 11:25 p.m., a female caller called 911 and reported an incident at 615 Algonquin.  A second person is heard in the background asking the caller to leave from in front of their house.  A minute later, a female caller at the same location alleges that Defendant fired shots.  A third call came in at 11:27 p.m. from a male caller reporting shooting at 620 Algonquin and stated that he heard "some dude screaming."

Shortly after midnight, on March 2, 2022, DPD officers were dispatched to 615 Algonquin.  Officers contacted the Defendant and a woman identified as his girlfriend, who told them that there had been no disturbance at the residence and no shots fired.  Officers were then dispatched to the location of the female 911 caller.  The caller told officers that she had been in an on and off relationship with Defendant for eight years.  She stated that following an argument, Defendant pointed a black handgun with a laser in her direction and shot the gun into the air two times while telling her to leave.  After speaking to the woman, officers returned to 615 Algonquin but could not locate or speak to the Defendant.  At this

time, an officer recovered a spent 9mm shell casing from in front of 615 Algonquin.

On March 3, 2022, during the execution of a search warrant at Defendant's residence of 615 Algonquin, law enforcement recovered two handguns from the basement and a shotgun in an upper-level bedroom.  One of the handguns was a green and black Taurus 9mm handgun with an attached laser and an extended magazine containing 9mm ammunition and one live round ejected from the chamber.  Officers found the gun hidden on a metal shelf inside piles of clothes and towels in the basement.  Officers also found medical and court records with Defendant's name and date of birth on it near the area the gun was recovered.  The Government later obtained the National Integrated Ballistic Information Network ("NIBIN") results for the 9mm shell casing found in front of 615 Algonquin.  Those results show that the shell casing matches the 9mm Taurus pistol with the attached laser found in the basement of Defendant's residence.  The other handgun in the basement was found within a holster in a purse with the identification of a woman and her concealed pistol license.

Officers spoke to the Defendant during the execution of the warrant, and he denied knowledge of the firearm with the attached laser in the basement.  Defendant also denied living in the basement and stated that his cousin lives there.  However, the cousin or other residents of the home did not testify at the bond

revocation hearings. Thus, the Court could not evaluate the credibility concerning whether Defendant, or someone else, lived in the basement. Lastly, since the alleged shots fired incident, the 911 caller has since disclaimed her account of the incident with the Defendant.

## Applicable Law and Analysis

The Court must analyze whether Defendant has violated the conditions of release and whether his bond should be revoked under § 3148 of the Bail Reform Act. Section 3148 reads, in pertinent part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> (1) finds that there is—
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that

4

> the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b).  The Government maintains that Defendant has violated his bond conditions by violating a federal, state, or local law, and being in possession of a firearm.  (ECF No. 30 at Pg ID 91.)  Defendant disputes whether there is clear and convicting evidence of his constructive possession of the 9mm Taurus pistol.[1]

The Court has reviewed the evidence and finds probable cause to believe the Defendant committed the crime of felon in possession of a firearm while on release.  Also, Defendant's possession of a firearm was clear and convincing evidence of a violation of the terms of his bond.  Even if the Court were to accept the proposition that Defendant's belongings were scattered across the entire house, he could not show that his belongings were not at all in the basement.  Further, the Court finds that no combination of release conditions will assure that Defendant

---

[1] At the bond revocation hearing, Defendant's counsel argues that Defendant did not live in the basement, only occasionally went downstairs, and his personal belongings were distributed throughout the entire house. However, the Government points out that Defendant requested his glasses which officers found in the basement. (ECF No. 30 at Pg ID 89.)  Further, in the Court's review of body camera footage from the search, the Court notes that Defendant requested his coat from downstairs as well.  As such, the Court is not persuaded of Defendant's transience in connection with where the handgun was recovered.

5

will abide by such conditions because the nature of the alleged violation is the same conduct alleged in the underlying Indictment. The Court, therefore, revokes Defendant's bond.

Accordingly,

**IT IS ORDERED** that the motion to revoke Defendant's bond filed by the United States (ECF No. 30) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: April 12, 2022